IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FANTA KABBA )<br>    Plaintiff, )<br>v. )<br>)<br>RAYMOND WILLIAMS, JR. AND )<br>SWIFT TRANSPORTATION )<br>    Defendants. ) | Case No. 3:16-2718<br>Magistrate Judge Frensley |

## MEMORANDUM OPINION

Pending before the court is the Defendants' Motion for Summary Judgment (Docket No. 30) with supporting memorandum (Docket No. 31). Plaintiff has filed a response in opposition (Docket No. 34) and Defendants have filed a reply (Docket No. 43). For the reasons stated herein, the Defendants' motion is DENIED.

## RELEVANT FACTS

This action arises out of a motor vehicle collision that occurred on Interstate 24 in Rutherford County, Tennessee on March 4, 2015. Plaintiff alleges that the Defendant Williams failed to maintain proper control of his vehicle and caused the collision by entering her lane of travel and striking her vehicle from the side. Defendants dispute that Williams is responsible for the collision and assert that the Plaintiff negligently drove her vehicle into his lane of traffic and as a result of the Plaintiff's sudden actions Williams was unable to avoid sideswiping her vehicle. Plaintiff suffered injuries as a result of the collision and was taken to a local hospital where she was treated for those injuries. It was noted in the medical records that while she was awake, her mental status was altered and she was unable to provide reliable medical history due to the trauma of the accident.

A state trooper with the Tennessee Highway Patrol responded to the site of the collision and prepared a report wherein he indicated that the Plaintiff made an abrupt maneuver to turn back onto Interstate 24 from an exit lane and that the Defendant was unable to avoid Plaintiff's vehicle resulting in the collision. The trooper did not witness the collision and the factual basis upon which he reached his conclusion in the accident report is unclear. However, it does not appear that he spoke with Plaintiff regarding the incident.

## **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party,

however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

Under Rule 56, persons moving for summary judgment are held to the strict standard of making a showing that excludes any real doubt as to the existence of any genuine issue of material fact, and thus their papers are viewed with great strictness while the opposing party's proof is viewed with more indulgence. *Adickes v. S. H. Kress & Company*, 398 U. S. 144, 158-59 (1970). While summary judgment can be granted in negligence cases when the requirements of Rule 56 have been satisfied, the Tennessee Supreme Court is cautioned that as a general matter, summary judgment should be granted only hesitantly in negligence cases because the ultimate determinative issues should be decided by a trier of fact after an opportunity to view witnesses' demeanor and to evaluate their credibility. *Bowman v. Henard*, 547 S. W. 2d 527, 530 (Tenn. 1977). Courts construing Rule 56 consistently hold that summary judgments should not be granted in cases where the outcome hinges squarely on the state of mind, intent, or credibility of the witnesses. *Hoover v. Switlik Parachute Company*, 663 F. 2d 964, 968 (9th Cir. 1981). In other words, doubt as the credibility of material witnesses will create a genuine issue of material fact sufficient to render granting summary judgment improper. *Transway Finance Company, Inc. v. Gershon*, 92 F. R. D. 777, 778-79 (E. D. N. Y. 1982).

## ANALYSIS

This case presents a clear situation where summary judgment is not proper because the outcome of the case rests solely on the credibility of the witnesses who can be considered competent to testify from personal knowledge about the vehicle collision.

Plaintiff asserts that the Defendant failed to use due care in the operation of his vehicle and that by turning into her vehicle caused the accident in question. Defendant counters that he did not turn into her vehicle but rather that she made an abrupt attempt to change lanes leaving him with no option but to sideswipe her vehicle. Defendants assert that it is the Plaintiff's failure to maintain proper control of her vehicle that caused the collision.

In support of Defendants' motion they cite the report of the Tennessee State Trooper which corroborates William's version of the events. However, the trooper was not a witness to the collision and therefore bases his opinion only upon his observations of the scene upon his arrival after the collision and any information provided to him by the parties. In this case, it does not appear that the trooper spoke with the Plaintiff or received any information about the collision from her. Therefore, the only source of information regarding what happened would have come from the Defendant. Further, the state trooper is not offered as an expert on accident reconstruction and has provided no information regarding the factual basis for the information contained in the accident report. Thus, the report is not dispositive.

Defendants further argue that due to the Plaintiff's altered mental state following the collision she is not a reliable witness. They contend she has failed to and cannot state that the Defendant caused the collision. As a result, Defendants contend, that Plaintiff is unable to establish causation and summary judgment is appropriate.

Plaintiff however stated in response to interrogatories from the Defendant under oath "I

## ANALYSIS

This case presents a clear situation where summary judgment is not proper because the outcome of the case rests solely on the credibility of the witnesses who can be considered competent to testify from personal knowledge about the vehicle collision.

Plaintiff asserts that the Defendant failed to use due care in the operation of his vehicle and that by turning into her vehicle caused the accident in question. Defendant counters that he did not turn into her vehicle but rather that she made an abrupt attempt to change lanes leaving him with no option but to sideswipe her vehicle. Defendants assert that it is the Plaintiff's failure to maintain proper control of her vehicle that caused the collision.

In support of Defendants' motion they cite the report of the Tennessee State Trooper which corroborates William's version of the events. However, the trooper was not a witness to the collision and therefore bases his opinion only upon his observations of the scene upon his arrival after the collision and any information provided to him by the parties. In this case, it does not appear that the trooper spoke with the Plaintiff or received any information about the collision from her. Therefore, the only source of information regarding what happened would have come from the Defendant. Further, the state trooper is not offered as an expert on accident reconstruction and has provided no information regarding the factual basis for the information contained in the accident report. Thus, the report is not dispositive.

Defendants further argue that due to the Plaintiff's altered mental state following the collision she is not a reliable witness. They contend she has failed to and cannot state that the Defendant caused the collision. As a result, Defendants contend, that Plaintiff is unable to establish causation and summary judgment is appropriate.

Plaintiff however stated in response to interrogatories from the Defendant under oath "I

was driving to work and the big truck came over into my lane and hit my car in the side." Whether Plaintiff's version of the events or Defendant's version of the events is accurate depends upon the credibility of the witnesses in this case. Each of the arguments advanced by the Defendants in support of their motion for summary judgment attack the credibility of this statement by the Plaintiff. While a jury may ultimately conclude that the Plaintiff's version of the events is not credible based in whole, in part, or for some totally unrelated reason than what is advanced by the Defendants; that is a question properly left for the jury.

## CONCLUSION

For the reasons set forth herein the Defendants' Motion for Summary Judgment (Docket No. 30) is DENIED.

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**